In re MOUNT CRANMORE TENNIS & RECREATION CLUB, INC., Debtor.

Victor DAHAR, Attorney for Debtor in Possession, Plaintiff,

v.

INDIAN HEAD BANK NORTH f/k/a Carroll County Trust Co., Defendant.

Bankruptcy No. 83–323.
Adv. No. 84–55.

United States Bankruptcy Court,
D. New Hampshire.

Sept. 24, 1984.

Victor Dahar, Manchester, N.H., for debtor.

Sherman Horton, Nashua, N.H., for Indian Head Bank North.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case is before the court on a complaint by the attorney for the Chapter 11 debtor-in-possession seeking to impose a charge upon a secured creditor under § 506(c) of the Bankruptcy Code on the basis that the secured creditor "benefited" from these proceedings within the meaning of that statutory provision. The debtor's attorney has filed a fee application claiming a fee in the amount $9,400.00, and seeks to impose approximately $5,000.00 of that amount as a charge against assets otherwise claimed by the secured creditor.

While this complaint nominally was brought by the attorney for the debtor, the matter was tried with the debtor itself as the direct party in interest for § 506(c) relief. The question of fee allowances will be handled separately in subsequent proceedings in this case.

The secured creditor, Indian Head Bank North, resists that surcharge and also filed a counterclaim seeking turnover of some $20,431.00 held by the debtor as a collection of annual rental for the Mount Cranmore tennis facility which was due in the summer of 1983 from the Volvo International Tennis Tournament Joint Venture. The debtor has disputed the bank's claim to such funds on the basis that they did not have a deficiency sufficient to reach those sums as additional cash collateral.

█ The first issue, relating to the counterclaim, can be disposed of quickly. The bank submitted an accounting indicating a deficiency after it was permitted to foreclose on other collateral, in the amount of some $64,000.00. While the debtor has raised a number of questions as to improper charges taken by the bank in reaching that deficiency figure, it is clear from the record that the bank had a deficiency of at least the $20,431.00 amount of the Volvo rental payment here involved.

█ The second issue, relating to the requested charge under § 506(c), relates directly to whether the bank was benefited by the activity of the Chapter 11 debtor in moving to force Volvo to pay over the annual rental in question, which Volvo had withheld on the basis of various asserted defaults on the part of the debtor. While the activities of the debtor after the Chapter 11 filing were rather hectic, and in fact did not result in a viable plan of reorganization, the court is satisfied from the entire record that forcing payment of the annual rental from Volvo in the circumstances was an unusual creation of a "cash collateral" benefit to the bank that otherwise might very well not have been realizable.

The court concludes that a charge against the secured creditor in the amount of $5,000.00 pursuant to § 506(c) is justified with regard to the cash collateral involved within the general principles underlying that statutory provision. Cf. In re *AFCO Enterprises, Inc.*, 35 B.R. 512, 11 B.C.D. 295 (D.Utah 1983). An order will be entered directing the debtor to pay over the $20,431.00 to the bank, less the amount of $5,000.00 as herein determined.